GARRISON, Judge.
Plaintiff brought this action seeking a $2,000.00 reduction of the $6,794.00 price which he paid for a new Thunderbird purchased from the defendant. At the trial, the district court granted defendant’s mor tion for a directed verdict, finding that plaintiff had failed to carry his burden in producing evidence tending to show the amount by which the purchase price should have been reduced. We affirm.
Plaintiff cites the case of Menville v. Stephens Chevrolet, Inc., 300 So.2d 858 (La.App. 4th 1979) for the proposition that evidence to support a reduction of price may consist of expert opinion. In Menville, the court examined testimony and invoices in order to determine the cost of repair. In contrast, the plaintiff in the present appeal offered no evidence showing the cost of repairs made to the new vehicle. The only evidence introduced at trial was plaintiff’s uncorroborated statement that one of defendant’s salesmen showed him a used car offered at a price of $5,584.00 which was similar to the new Thunderbird which plaintiff eventually purchased. No evidence of the identity, condition, or mileage of the used car was presented. As plaintiff bears the burden of establishing the amount of reduction to which he is entitled, R. O. Roy & Co., Inc. v. A. & W. Trailer Sales, 277 So.2d 204 (La.App. 2nd, 1973) at 213, we agree with the trial judge that plaintiff failed to carry his burden and that the defendant was entitled to a directed verdict. Accordingly, the judgment of the district court is affirmed.

AFFIRMED.